**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DANNY BUTLER, Individually And On Behalf Of Others Similarly Situated; MICHAEL HOLMESSR., TERRY HARRIS, JESSIE BROWN, DE'VONDRICK COLEMAN,** | § § § § § § | |
| *Plaintiffs,* | § § | |
| **vs.** | § § | **SA-16-CV-01150-FB** |
| **TFS OILFIELD SERVICES, LLC, HANAN TUCHSHNIEDER, DANNY SHEENA,  TEXAS FUELING SERVICES, INC.,** | § § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns Defendants' Motion for Summary Judgment [#90]. In reviewing this motion, the Court has also considered Plaintiffs' Response to Defendants' Motion for Summary Judgment [#92], Defendants' Reply to Response to Motion for Summary Judgment [#93], Plaintiffs' Sur-Reply in Opposition to Defendants' Motion for Summary Judgment [#94-1],[1] Plaintiffs' Notice of Filing Supplemental Authority [#99], and Defendants' Response to Plaintiffs' Notice of Filing Supplemental Authority [#100].  All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-

---

[1]  Plaintiffs moved to file a sur-reply to address certain arguments raised in Defendants' reply [#94].  Defendants filed a response in opposition to the motion [#97].  The undersigned has reviewed the motion and response and will grant Plaintiffs' motion to file a sur-reply.  The undersigned has considered the sur-reply attached to Plaintiffs' motion in issuing this report and recommendation.

72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas [#8].  The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that Defendants' Motion for Summary Judgment [#90] be denied.

## I.  Procedural Background

Plaintiff Danny Butler filed this suit as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, on November 17, 2016 [#1], seeking unpaid overtime compensation on behalf of himself and all others similarly situated "Frack Fuel Drivers" employed by Defendants at any time within the three-year period preceding the Complaint. Butler originally named TFS Oilfield Services, LLC, Hanan Tuchshnieder, and Danny Sheena as Defendants in this suit and alleged all three parties were his "employer" under the FLSA.  (Pl.'s Orig. Compl. [#1] at 2–3.)

On December 1, 2016 Butler filed his First Amended and Substituted Complaint [#9], which included additional factual allegations against Defendants.  A few months later, Butler moved to conditionally certify the class [#10, #11] and for leave to file a second amended complaint [#12].  Defendants responded with a motion to dismiss pursuant to Rule 12(b)(6), arguing that Butler had sued the wrong Defendants, as his actual employer was Texas Fueling Services, Inc. [#15].  Butler filed an amended motion for leave to file a second amended complaint, requesting permission to add two opt-in Plaintiffs (Michael Holmes, Sr. and Terry Harris), to add Texas Fueling Services, Inc. as a Defendant, and to add an FLSA retaliation claim on behalf of Butler individually [#16].

The Court granted Butler's amended motion for leave to file a second amended complaint and dismissed as moot both Butler's motion for conditional certification and Defendants' motion

to dismiss without prejudice to refiling [#22].  Plaintiffs Butler, Michael Holmes, Sr., and Terry Harris ("Plaintiffs") filed their Second Amended Complaint on April 7, 2017 [#23].  Defendants again moved to dismiss Plaintiffs' claims pursuant to Rule 12(b)(6) for failure to state a claim [#28].  The Court denied the motion [#34], and Plaintiffs filed an amended motion to certify the class [#41].  Before the Court ruled on the certification motion, Defendants filed a motion to compel arbitration of all of Plaintiffs' claims [#48].  The Court granted the motion to compel arbitration as to Plaintiff Danny Butler but denied the motion as to Plaintiffs Terry Harris, Michael Holmes, Sr., and the opt-in Plaintiffs. [#63].

As to the Plaintiffs proceeding in this venue, the Court conditionally certified a collective action on September 26, 2017 comprised of all current and former employees of Defendants who were employed as hourly Frack Fuel Drivers at any time since November 17, 2013 [#62].  After conditional certification, numerous additional Plaintiffs opted into this lawsuit [#68–81].  The parties thereafter agreed that some of these opt-in Plaintiffs could be stipulated into arbitration because they, like Butler, had signed arbitration agreements [#86].  The Court stayed the claims of these 22 opt-in Plaintiffs and compelled them to arbitration on March 9, 2018 [#87].  On July 27, 2018, Defendants filed the motion for summary judgment that is the subject of this report and recommendation.

Defendants' motion argues that they are entitled to summary judgment because Plaintiffs are exempt from the overtime requirements of the FLSA under the FLSA's Motor Carrier Act exemption.  Plaintiffs respond that summary judgment is improper because they fall under the small-vehicle exception to the Motor Carrier Act exemption.  Because Plaintiffs have raised a genuine issue of material fact as to the application of the exception to the exemption, Defendants' motion for summary judgment should be denied.

## II.  Legal Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial.  *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence.  *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992).  The Court will view the summary judgment evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant's favor. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

"After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174.  However, if the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the non-movant's response (or lack thereof).  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### III.  Analysis

Defendants' motion for summary judgment should be denied.  Although it is undisputed that the Motor Carrier Act exemption to the FLSA's overtime requirements applies in this case, a material issue of fact exists on the question of whether the small vehicle exception to the MCA exemption applies.  Thus, a jury must decide whether Plaintiffs can meet their burden at trial to prove the exception applies and they are entitled to overtime pay.

**A.      The Motor Carrier Act exemption applies in this case.**

The FLSA requires employers to pay employees one and a half times their "regular rate" for time spent working beyond forty hours in a week. 29 U.S.C. § 207(a)(1).  Plaintiffs allege in their Second Amended Complaint that Defendants failed to pay them and other Frack Fuel Drivers the overtime compensation they are due.  (Second Am. Compl. [#23] at ¶¶ 40–51.)  All Defendants have pleaded the Motor Carrier Act exemption as an affirmative defense to Plaintiffs' claims that they are entitled to overtime compensation.  (Answer [#33] at ¶ 14.)

The Motor Carrier Act ("MCA") exemption to the FLSA's overtime-compensation requirement has its roots in the language of the FLSA itself; the statute provides that the Act's overtime provision does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to

the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1).  Section 31502 permits the

Secretary to "prescribe requirements for . . . qualifications and maximum hours of service of

employees of . . . motor carrier[s]" and "motor private carrier[s]."  49 U.S.C. § 31502(b).

The Department of Labor promulgated regulations to define these employees further.

Such employees

> (1) [a]re employed by carriers whose transportation of passengers or
> property by motor vehicle is subject to [the Secretary of Transportation's]
> jurisdiction under section 204 of the [MCA] . . . and (2) engage in
> activities of a character directly affecting the safety of operation of motor
> vehicles in the transportation on the public highways of passengers or
> property in interstate or foreign commerce within the meaning of the
> [MCA].

29 C.F.R. § 782.2(a); *Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 283 (5th Cir. 2014),

*abrogated on other grounds by Amaya v. NOYPI Movers, L.L.C.*, 741 Fed. App'x 203 (5th Cir.

2018).   For the MCA exemption to apply, both the employer and employee requirements

contained in this regulatory definition must be satisfied.   *Allen*, 755 F.3d at 283 (internal

quotation omitted).  Defendants bear the burden to prove the MCA exemption applies.  *Amaya*,

741 Fed. App'x at 204.

Plaintiffs do not dispute that Defendants qualify as a carrier subject to the Secretary's

jurisdiction or that they engaged in activities during their employment with Defendants that

directly affected the safe operation of motor vehicles in transporting property in interstate

commerce.  (Pls.' Resp. [#92] at 4.)  In other words, Plaintiffs agree that the MCA exemption

applies in this case.   However, Plaintiffs claim that they are nonetheless entitled to the

protections of the FLSA as a result of the small-vehicle exception to the MCA.

**B.      The summary judgment record raises a fact issue on the application of the small-vehicle exception.**

Plaintiffs contend that they are entitled to overtime compensation, despite the application of the MCA, because their work for Defendants falls under the small-vehicle exception to the MCA.  Because a genuine fact issue remains as to the application of the exception, the Court should deny Defendants' motion for summary judgment.

The small-vehicle exception makes the FLSA applicable to employees who perform certain duties on vehicles "weighing 10,000 pounds or less" regardless of whether the MCA exemption might otherwise apply.  *Carley v. Crest Pumping Techs., L.L.C.*, 890 F.3d 575, 579 (5th Cir. 2018) (citing SAFETEA-LU Technical Corrections Act of 2008, Pub. L. No. 110-244, 122 Stat. 1572, 1620 (June 6, 2008)).  The full text of the small-vehicle exception provides that the MCA exemption does not apply to employees:

> (1) who [are] employed by a motor carrier or motor private carrier . . . ;
> (2) whose work, in whole or in part, is defined—
>      (A) as that of a driver, driver's helper, loader, or mechanic; and
>      (B) as affecting the safety of operation of motor vehicles *weighing 10,000 pounds or less* in transportation on public highways in interstate or foreign commerce, *except vehicles*—
>           (i) designed or used to transport more than 8 passengers (including the driver) for compensation;
>           (ii) designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or
>           (iii) *used in transporting material found by the Secretary of Transportation to be hazardous* under section 5103 of title 49, United States Code, and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103 of title 49, United States Code; and
> (3) who perform[ ] duties on motor vehicles weighing 10,000 pounds or less.

122 Stat. at 1621 (emphasis added).  An employee's work with small vehicles must be more than *de minimis* to fall under the exception.  *Allen*, 755 F.3d at 284.  Work that is trivial, casual, and

insignificant or has no direct effect on the safety of operation of motor vehicles does not fall under the small-vehicle exception. *Id.*; 29 C.F.R. § 782.2(b)(3).

The Fifth Circuit recently clarified that Plaintiffs bear the burden of proving that the small-vehicle exception applies at trial. *Carley*, 890 F.3d at 580. Although at trial this burden requires Plaintiffs to establish that all of the requirements of the exception are satisfied by a preponderance of the evidence, this case is in a summary judgment posture. Thus, as the non-movant, Plaintiffs' burden at this stage is only to produce evidence that, if uncontroverted and believed by a jury, could lead a reasonable juror to conclude the exception applies. *See Anderson*, 477 U.S. at 248.

i.  Plaintiffs have not waived their ability to invoke the small-vehicle exception.

In their reply, Defendants first argue that Plaintiffs cannot rely on the small-vehicle exception as a basis for their entitlement to overtime compensation because they failed to plead the exception in any of their pleadings and raised the exception for the first time in their response to Defendants' motion for summary judgment. As to this threshold argument, Plaintiffs indeed did not amend their pleadings after Defendants pleaded the MCA exemption in their answer. However, the undersigned has not been presented with any authority suggesting that they were required to do so. The rules governing federal pleading practice do not suggest that they were required to do so either. After Plaintiffs filed their complaint, Defendants were required to file an answer and any affirmative defenses. Fed. R. Civ. P. 12(a)(1)(A), 12(b). Defendants did so here and included the MCA exemption as an affirmative defense in their answer. (Defs.' Orig. Answer [#33] at ¶ 14.) Nothing in the rules suggests that a plaintiff has an obligation to file a responsive pleading notifying a defendant that he or she intends to invoke an exception to an affirmative defense the way one is required to file an answer to a counterclaim. *Cf.* Fed, R. Civ.

8

P. 12(a)(1)(B) (requiring a party to serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading).

Regardless, the burden to establish the application of the MCA exemption remains with Defendants, and ultimately the burden to prove the small-vehicle exception falls on Plaintiffs. Defendants were not prejudiced by any failure to amend by Plaintiffs.

ii.  Plaintiffs have met their summary judgment burden on the small-vehicle exception.

Defendants also argue that Plaintiffs' summary judgment evidence fails to establish that the weight of the vehicles they claim to have driven is 10,000 pounds or less or that these vehicles did not transport hazardous materials.  *See* 122 Stat. at 1621.  Viewing Plaintiffs' evidence in their favor and drawing all reasonable inferences therefrom, a fact issue remains as to both the weight of the small vehicles at issue and whether these vehicles transported hazardous materials.  Before the Court are the six identical declarations of various Plaintiffs. The Plaintiffs who authored these declarations all state that they regularly loaded and rode in, and sometimes drove, Ford E-150 or E-250 passenger vans and Ford F-150 and F-250 crew cab trucks, ranging from 1998 to 2008 models, during the course of their employment with Defendants and that "all other Frack Fuel Drivers" also loaded, and rode in, and sometimes drove, these same vehicles.  (*See* Brown Decl. [#92-1] at ¶ 4; Coleman Decl. [#92-2] at ¶ 4; Flores Decl. [#92-3] at ¶ 4; Holmes Decl. [#92-4] at ¶ 4; Kelly Decl. [#92-5] at ¶ 4; Segovia Decl. [#92-6] at ¶ 4.)  Plaintiffs further state that they loaded and operated these vans and trucks on both intrastate and interstate highways for purposes of Defendants' business; that they engaged in these tasks "every single week" that they worked for Defendants; and that these tasks "could take as much as two hours a day."  (*See, e.g.*, Brown Decl. [#92-1] at ¶¶ 5, 9, 16.) Plaintiffs' declarations claim that all E-150 and E-250 vans and all F-150 and F-250 trucks that

they and all other Frack Fuel Drivers for Defendants worked on or drove "had a GVWR of less than 10,000 pounds."[2]  (*E.g.*, Brown Decl. [#92-1] at ¶¶ 18, 19.)

Defendants argue the Court should not consider Plaintiffs' statements about the GVWR of the vehicles in ruling on Defendants' motion for summary judgment because these statements are made without personal knowledge and Plaintiffs have not cited any other source for this information.  The undersigned agrees these specific statements should be disregarded.  Rule 56 of the Federal Rules of Civil Procedure requires that summary judgment affidavits and declarations "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Fed. R. Civ. P. 56(e).  "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  Plaintiffs' response to Defendants' motion for summary judgment contains two charts purporting to reflect the GVWR of the trucks and vans driven by Plaintiffs, and one of these charts (pertaining to trucks) is contained in each Plaintiff's declaration.  (*See* Pls.' Resp. [#92] at 11; *e.g.*, Brown Decl. [#92-1] at ¶ 19.)  According to the charts, these vehicles weighed anywhere between 5,450 to 9,600 pounds, depending on their make and year.  (Pls.' Resp. [#92] at 11.)  Yet nowhere in the declarations or the body of Plaintiffs' response to Defendants' motion for summary judgment do they identify the source of this information or that Plaintiffs have personal knowledge or expertise regarding the specific weights of each vehicle.

---

[2]  The Corrections Act does not expressly define weight for purposes of the small-vehicle exception, but the Fifth Circuit has recently stated that the gross vehicle weight rating ("GVWR")—the value specified by the manufacturer as the loaded weight of a single motor vehicle—is the proper measure of weight for purposes of the small-vehicle exception.  *Carley*, 890 F.3d at 577, 582 & n.5 (citing 49 C.F.R. § 390.5T).  The GVWR can be found on the vehicle at issue, usually on a plate on the door jamb.  *Roche v. S-3 Pump Serv., Inc.*, 154 F. Supp. 3d 441, 446 (W.D. Tex. 2016) (citing Department of Labor, Wage & Hour Division, Field Assistance Bulletin No. 2010-2).

Nor do Plaintiffs attempt to identify the source of this information in their sur-reply. Accordingly, Plaintiffs' testimony on the specific GVWR of the vehicles they drove are not made with personal knowledge and therefore are not properly before the Court and should not be credited for purposes of ruling on Defendants' motion for summary judgment.

However, it is unclear in the wake of the Fifth Circuit's decision in *Carley* precisely what evidence an FLSA plaintiff is expected to proffer on the small-vehicle exception or the GVWR of the small vehicles at issue to carry his or her burden as a non-movant at the summary judgment stage. A district court in the Southern District of Texas, relying on *Carley*, recently granted summary judgment to an employer on the MCA exemption in part due to the failure of the plaintiffs to provide sufficient evidence of the GVWRs of their employer's lightweight vehicles to raise a fact issue on the small-vehicle exception. *See Rychorcewicz v. Welltec, Inc.*, No. CV H-16-2, 2018 WL 3559131, at *13–14 (S.D. Tex. June 22, 2018), *report and recommendation adopted*, No. CV H-16-0002, 2018 WL 3559102 (S.D. Tex. July 24, 2018). Yet in that case, the plaintiffs provided much more evidence than mere declarations; they submitted a spreadsheet to the court containing links to car manufacturer's websites, car rental sites, and the National Highway Transportation Safety Administration site. *Id.* The court still found the evidence insufficient, as it did not identify the actual vehicles by VIN number and year. *Id.* The case is currently on appeal before the Fifth Circuit. *See Rychorcewicz v. Welltec, Inc.*, 18-20603 (filed August 28, 2018).

The summary-judgment burden imposed by the *Rychorcewicz* court is in tension with long-established precedents and Rule 56. However, Plaintiffs are admonished that at a minimum, they should have provided the Court with a citation to the source of their information on the GVWRs of the vehicles they claimed to have driven in the course of their employment, if

11

not provided some direct evidence of the GVWR.  In fact, there are many tools of discovery—
Requests for Production, Requests for Admission, Interrogatories, depositions—that Plaintiff
could have taken advantage of to obtain competent evidence of the actual GVWR of each pick-
up truck in Defendants' fleet.  Nonetheless, the undersigned disagrees with Defendants that the
lack of personal knowledge of the precise weight of the vehicles driven requires issuing
summary judgment in their favor.

Plaintiffs' declarations contain numerous statements of which they do have personal
knowledge that are properly before the Court.  These include Plaintiffs' statements that they
regularly drove Ford E-150, E-250, F-150, and F-250 vehicles; that they loaded and operated
these vehicles on public highways; that they loaded in these vehicles the equipment necessary for
their jobs at the oil wells; that they used these vehicles to run work-related errands while at the
well site or yard; these tasks could take as much as two hours a day "every single week" that
Plaintiffs worked for Defendants.  (*See, e.g.*, Brown Decl. [#92-1] at ¶¶ 4–18.)

Numerous cases involving the small-vehicle exception concern the very type of vehicles
Plaintiffs claim to have driven here,[3] and the employer typically does not dispute that the weight
of these vehicles is 10,000 pounds or less.  *See, e.g.*, *LaCurtis v. Express Med. Transporters,
Inc.*, 856 F.3d 571, 573 (8th Cir. 2017) ("The paralift vans are full-size Ford E–250 and E–350
vans originally designed and manufactured to carry up to twelve and fifteen passengers,
respectively. The vans have a gross vehicle weight rating of 10,000 pounds or less."); *Roche*, 154
F. Supp. 3d at 445 n.2 ("Defendants argue that transfer pumps and command centers were kept

_____

[3] Notably, in *Carley*, the Fifth Circuit was reviewing a verdict after a jury trial where the
employees drove F-350s, bigger trucks than are at issue in this case, and according to the Fifth
Circuit the employer produced evidence at trial that the GVWR was over 10,000 and the
employees produced no evidence to refute the defendant's evidence.  890 F.3d at 582.  Here,
Plaintiffs have proffered evidence they drove vehicles smaller than Ford F-350s and the
employer has proffered no evidence on the vehicles.

on trailers pulled by Ford F-250 and F-350 pickup trucks, and that caused the applicable weight to exceed 10,000 pounds."); *Crookston v. Doctor's, Inc.*, No. 16-2071-JTM, 2017 WL 2439374, at *2 (D. Kan. June 6, 2017) ("It is also undisputed that plaintiff almost exclusively drove a 2007 Ford F-150 truck ("F-150") weighing 8,900 pounds during his employment."); *Moore v. Performance Pressure Pumping Servs., LLC*, No. 5:15-CV-346-RCL, 2017 WL 1501436, at *11 (W.D. Tex. Apr. 26, 2017) (finding fact issue on whether at least some employees "may have had trivial or insubstantial duties" involving Ford F-250 vehicles weighing less than 10,000 pounds); *Aikins v. Warrior Energy Servs. Corp.*, No. 6:13-CV-54, 2015 WL 1221255, at *1 (S.D. Tex. Mar. 17, 2015) ("It is not disputed that Warrior's Ford F-250s, operated without an attached trailer, fall at or below the threshold weight of 10,000 pounds.").   Drawing all reasonable inferences in Plaintiffs' favor, and in light of this case law, Plaintiffs' declarations raise a fact issue as to whether Plaintiffs drove Ford F-150, F-250, E-150, or E-250 vehicles weighing 10,000 pounds or less in the course of their employment with Defendants.

Additionally, a reasonable factfinder could conclude that Plaintiffs' work with small vehicles was neither trivial nor insignificant, i.e., more than *de minimis*.  *See* 29 C.F.R. § 782.2. Again, Plaintiffs state that they worked on small vehicles "every single week" of their employment with Defendants and that this work could take "as much as two hours a day."  (*See, e.g.*, Brown Decl. [#92-1] at ¶¶ 9, 14.)  The Court is required to credit these assertions and view this evidence in the light most favorable to Plaintiffs.  *See Turner*, 476 F.3d at 343.

Finally, the undersigned is not persuaded by Defendants' argument that they are entitled to summary judgment on the MCA exemption because Plaintiffs' have failed to affirmatively establish that the vehicles they drove never carried hazardous materials on any trip the vehicle ever took, whether or not driven by Plaintiffs.  This is not Plaintiffs' burden in challenging a

13

motion for summary judgment; Plaintiffs need only demonstrate the existence of a genuine issue for trial.  *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587.  Plaintiffs' declarations state that their use of the small vehicles did not involve the transport of hazardous materials such as would bring the vehicles under the regulation of the Department of Transportation.  (*See, e.g.*, Brown Decl. [#92-1] at ¶ 22.)  The declaration of Mason Duncan, President of Texas Fueling Services, proffered by Defendants, does not affirmatively disprove these statements so as to entitle Defendants to summary judgment, as argued by Defendants.  Mr. Duncan's declaration merely states that "[a]ll vehicles at a TFS job site *are or can be* used to carry quantities of these hazardous materials that require placarding."  (Duncan Decl. [#90-1] at ¶ 5 (emphasis added).)  This statement, when read in conjunction with the statements in Plaintiffs' declarations, simply establishes that the parties disagree as to whether the smaller vans and trucks Plaintiffs claim to have operated transported hazardous materials.  This factual dispute is for a jury, not the Court to decide.

## IV.  Conclusion and Recommendation

In summary, Plaintiffs and Defendants agree that the MCA exemption to the FLSA's overtime requirements applies in this case, but Plaintiffs claim the small-vehicle exception to the MCA entitles them to overtime compensation.  Because Plaintiffs have raised a genuine issue of material fact as to whether the small-vehicle exception applies, Defendants are not entitled to summary judgment on the MCA exemption.  A jury should decide whether (and if so, in which weeks) Plaintiffs' work involved smaller vehicles weighing 10,000 pounds or less and whether these vehicles were used to transport hazardous materials.

**IT IS THEREFORE RECOMMENDED** that Defendants' Motion for Summary Judgment [#90] be **DENIED**.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File Sur-reply in Opposition to Defendants' Motion for Summary Judgment [#94] be **GRANTED**.

### V.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 11th day of January, 2019.


ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE